## FITCH v. SAWYER CRYSTAL BLUE CO. et al.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

1. ACTION (§ 38*)—CAUSES OF ACTION—JOINDER.

A complaint against two corporations for breach of an employment contract, seeking to recover damages for wrongful discharge by both defendants, and alleging that the employment was based on the promise of both to pay for plaintiff's services at a stipulated amount per week for a specified term, stated but a single cause of action and was not therefore demurrable as improperly uniting two causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

2. PARTIES (§ 26*)—JOINDER—PARTIES DEFENDANT.

Where a complaint for breach of an employment contract alleged that both defendants made the contract employing plaintiff, and that both breached it, they were both properly joined as defendants.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 32; Dec. Dig. § 26.*]

Appeal from Special Term, New York County.

Action by William L. Fitch against the Sawyer Crystal Blue Company and another. From an interlocutory judgment sustaining a demurrer to the complaint on the ground that two causes of action were improperly united, plaintiff appeals. Reversed, and demurrer overruled.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

House, Grossman & Vorhaus (Charles Goldzier, of counsel, and Louis J. Vorhaus, on the brief), for appellant.

Rand, Moffat & Webb (R. Burnham Moffat, of counsel), for respondents.

CLARKE, J. The complaint is not to be commended as an artistic bit of pleading. Nevertheless it is not susceptible to the criticism that causes of action are improperly united. There is but one cause of action alleged, viz., damages for breach of contract of employment by wrongful discharge by both defendants from an employment entered into with both defendants upon a promise by both defendants to pay for service a stipulated amount per week from the 3d of June, 1908, until the 1st day of March, 1909; the wrongful discharge being alleged to have occurred on the 3d of October, 1908. The plaintiff sues for $840, a sum equal to the amount he would have earned for the balance of the period if he had been permitted to perform. No other cause of action can be spelled out of this complaint, and it

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

being alleged that both of the defendants made the contract, and that both breached it, they are properly made parties defendant in an action to recover damages therefor.

The interlocutory judgment appealed from should be reversed, with costs, and the demurrer overruled, with costs to the appellant, and the defendants, upon payment thereof and within 20 days, have leave to withdraw the demurrer and plead over. All concur.